UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNNY MORALES-GODOY, | |
| Petitioner, | Civ. No. 16-4235 (KM) |
| v. | |
| CHARLES GREEN, | OPINION |
| Respondent. | |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Until August 25, 2016, the petitioner, Johnny Morales-Godoy, was an immigration detainee lodged at the Essex County Correctional Facility in Newark, New Jersey. Mr. Morales-Godoy is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The habeas petition will be denied as moot.

## II. BACKGROUND

Mr. Morales-Godoy is a native and citizen of Guatemala. He was previously removed from the United States pursuant to an order of removal in February, 2007. He then illegally re-entered the United States in May, 2007. Mr. Morales-Godoy was placed in immigration detention on November 27, 2015. On November 28, 2015, a notice of intent/decision to reinstate the previous order of removal against him was then issued by the Department of Homeland Security.

On June 20, 2016, an Immigration Judge granted Mr. Morales-Godoy withholding of removal under the Convention Against Torture. However, he was not released from immigration

detention at that time as U.S. Customs and Immigration Enforcement ("ICE") initially reserved appeal of the Immigration Judge's decision.

Subsequently, Mr. Morales-Godoy filed this federal habeas petition in July 2016. He claims that his immigration detention has become so prolonged so as to violate *Zadvydas v. Davis*, 533 U.S. 678 (2001). The petition seeks his release from immigration detention, or in the alternative, asks that a bond hearing take place before an Immigration Judge.

On August 30, 2016, respondent filed a response to the habeas petition. Respondent explains and provides documentation that an Immigration Judge granted Mr. Morales-Godoy withholding of removal on June 20, 2016. ICE initially reserved appeal, but then decided not to appeal, and Mr. Morales-Godoy was released from immigration detention on an order of supervision on August 25, 2016. Respondent argues that this release from immigration detention moots this federal habeas petition.

### III. DISCUSSION

As a general matter, in *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that § 1231(a)(6)[1] "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. To state a habeas claim under § 2241, the

---

[1] Section 1231(a)(6) states as follows:

> An alien ordered removed who is inadmissible under Section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period, and if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

Mr. Morales-Godoy is no longer in immigration detention. Thus, he has received the relief he seeks in his habeas petition. There is no reason to think that he will be placed in immigration detention again unless he violates the conditions of his supervision, a speculative state of affairs and one within Mr. Morales-Godoy's control. Accordingly, his habeas petition seeking his release from immigration detention is moot as he "has achieved the result he sought in his habeas petition and his change in circumstances has 'forestalled any occasion for meaningful relief.'" *Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012) (quoting *Artway v. Att'y Gen.*, 81 F.3d 1235, 1246 (3d Cir. 1996)) (other citation omitted); *see also Dubois v. Hendricks*, No. 14–3861, 2014 WL 4105482, at *3 (D.N.J. Aug. 18, 2014) (dismissing habeas petition raising *Zadvydas* claim as moot where petitioner was released from immigration detention pursuant to an order of supervision); *Rojas v. Lowe*, No. 13–0871, 2013 WL 5876851, at *3 (M.D.Pa. Oct. 30, 2013) (same).

## IV.   CONCLUSION

For the foregoing reasons, the habeas petition will be denied as moot. An appropriate order will be entered.

DATED: October 4, 2016

_____
KEVIN MCNULTY
United States District Judge